**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**MARY HARRIS**                                                                    **PLAINTIFF**

**V.**                                                                         **CAUSE NO. 3:16-CV-00441-CWR-LRA**

**ALLSTATE INSURANCE COMPANY**                                    **DEFENDANT**

**ORDER**

Before the Court is the defendant's motion to dismiss for failure to state a claim. Docket No. 28. The motion has been fully briefed, and the Court is ready to rule.

**I.  Factual and Procedural History**

On March 17, 2012, Mary Harris, an employee of McDonald's in Vicksburg, was taking an order to a customer in the drive-through lane. As she walked past the vehicle of another patron, Lee Smith, his dog reached through the rear window and bit Harris on the arm, causing her to fall and hit her head on the side of the restaurant. Harris contends that Smith knew his dog had vicious tendencies and he negligently operated the vehicle by allowing the dog to be in close proximity to her.

Harris sued Smith in state court on March 13, 2015. She also named as a defendant Allstate Insurance Company (her insurer) on the belief that Smith was possibly an underinsured motorist. Docket No. 1-1 ("We believe that [Smith] may have minimal or no insurance under the law; therefore Allstate is the proper party."). Harris did not serve Allstate with the summons and Complaint. Nearly a year later, the circuit judge entered an order allowing Harris "to amend her Complaint to formally identify Allstate Insurance Company as an additional Defendant." Docket No. 1-1, at 26. A new summons was executed. The Amended Complaint alleges that, during discovery, Smith disclosed the amount of his insurance coverage, which confirmed that he was

an underinsured motorist. It also alleges that Allstate acted in bad faith by refusing to waive the right to subrogation and consent to settlement of Harris' claim against Smith. Allstate was served with the summons and Amended Complaint on May 20, 2016.

The case was timely removed to this Court, which severed and remanded the claims against Smith in a prior Order. *See* Docket No. 17. Allstate now seeks dismissal of the underinsured motorist claim, arguing that the statute of limitations expired before it was served with process.

**II.    Discussion**

"Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. State law is determined by looking to the decisions of the state's highest court." *Delancey v. MedAmerica Ins. Co.*, --- F. Supp. 3d ---, 2017 WL 1241434, at *1 (S.D. Miss. Mar. 31, 2017). It is undisputed that underinsured motorist claims are governed by Mississippi's three-year statute of limitations. *Mitchell v. Progressive Ins. Co.*, 965 So. 2d 679, 683 (Miss. 2007). The claim accrues and the limitations period begins to run "when it can be reasonably known that the damages suffered exceed the limits of insurance available to the alleged tortfeasor." *Madison v. Geigo Gen. Ins. Co.*, 49 So. 3d 1166, 1168 (Miss. Ct. App. 2010) (citing *Jackson v. State Farm Mut. Auto. Ins. Co.*, 880 So. 2d 336, 343 (Miss. 2004)). The point at which the underinsured motorist claim against Allstate accrued is the source of disagreement between the parties.

The incident giving rise to this lawsuit occurred in 2012. Harris argues that her claim was not enforceable against Allstate until 2015, when she became aware of the amount of Smith's policy limits during discovery. Allstate, however, says this assertion is disingenuous because Harris stated in her original Complaint the following: "We *believe* that [Smith] may

2

have minimal or no insurance under the law. . . ." Docket No. 1-1, at 60 (emphasis added).
Based on this statement alone, Allstate suggests that it was reasonably known that Harris'
damages exceeded Smith's insurance coverage in 2012.

Without knowing the basis for Harris' belief, however, the Court cannot say that she had reason to know that Smith was underinsured when the case was filed—let alone in 2012. For instance, Harris did not allege that her belief that Smith was an uninsured or underinsured driver was based on anything that Smith told her. Nor were her allegations grounded in information contained in the accident report or any other document available to her before Smith's policy limits were revealed through discovery. The factual allegations contained in the original Complaint were based on nothing more than her belief. Harris did not allege and Allstate has not argued anything to indicate otherwise.

Allstate also asserts that Harris had a duty to actively pursue her claim. *See Harris v. Am. Motorist Ins. Co.*, 126 So. 2d 870, 873 (Miss. 1961) ("[I]t is [an insured's] duty to exercise reasonable care, due diligence as a reasonable and prudent man, to acquire information about the accident, so that he may be readily informed about claims . . . ."). It insists that any lack of knowledge regarding Smith's policy limits, prior to discovery, was due to Harris' own inaction and should not result in a tolling of the limitations period.[1]

This argument is unavailing because discovery is the process through which parties exchange information relevant to their claims or defenses. Documents obtained through discovery confirmed that Smith was underinsured, and Harris immediately sought permission from the trial court to amend her Complaint by adding more substantive and robust allegations

---

[1] Allstate's reliance on *Stamps v. State Farm Mut. Auto. Ins. Co.*, No. 3:10-CV-110-LRA, 2011 WL 1743107 (S.D. Miss. May 5, 2011) is misplaced. There, the court determined that the statute of limitations began to run on the date of the accident because the alleged tortfeasor told the plaintiff that he was uninsured on that day. *Id.* at *1.

3

against Allstate. The Court cannot say, nor has Allstate demonstrated, that Harris should have known that Smith's coverage was inadequate before the parties conducted discovery. It would be unreasonable to conclude otherwise.

## III. Conclusion

Accordingly, the Court finds that the underinsured motorist claim accrued in 2015 and is, therefore, timely. Allstate's motion to dismiss is denied.

**SO ORDERED**, this the 27th day of June, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE